DANIEL G. BOGDEN
United States Attorney
District of Nevada
J. Gregory Damm
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
702-388-6336

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:04-CR-365-PMP-VCF |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (CR # 452) |
| vs. | |
| MIRANDA WILLIAMS, | |
| Defendant. | |

Certification: This response is timely filed.

COMES NOW the United States of America, by and through Daniel G. Bogden, United States Attorney, and J. Gregory Damm, Assistant United States Attorney, and hereby submits the GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (CR # 452).

The government objects to the defendant's request for early termination of supervised release due to the defendant's conduct while on pretrial release, her conduct on supervised release and her failure to make any meaningful restitution payments. The Ninth Circuit Court of Appeals has recently held that:

Our decisions "have repeatedly held that a district court enjoys significant discretion in crafting terms of supervised release for criminal defendants." *United States v. Weber*, 451 F.3d 552, 557 (9th Cir.2006). Consistent with a district court's broad discretion in imposing terms of supervised release, the language of § 3583(e) gives district courts broad discretion in determining

whether to grant a motion to terminate supervised release. 18 U.S.C. § 3583(e)(1); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir.2006). We therefore review the district court's decision for abuse of discretion. *See United States v. Townsend*, 98 F.3d 510, 512 (9th Cir.1996); *United States v. Lowe*, 632 F.3d 996, 997 (7th Cir.2011).

*U.S. v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

<u>Pretrial Release</u>

While on pretrial release a warrant was issued on July 20, 2005, for the defendant's arrest due to alleged violations of pretrial release conditions. CR # 94. On July 25, 2005, the defendant was detained. CR # 97 & 99. On August 2, 2005, the defendant's pretrial release was revoked and she was ordered detained pending trial. CR # 103 & 104. The defendant plead guilty on August 19, 2005. CR # 110. On December 21, 2005, this court denied the defendant's request to reconsider her detention pending sentencing. CR # 147. On January 27, 2006, the defendant was sentenced to 13-months custody, 3-years of supervised release and $114,003.17 in restitution. CR # 168 & 170.

<u>Supervised Release</u>

On May 29, 2008, the defendant's first warrant of arrest was issued for violations of pretrial release conditions. CR # 305. On July 14, 2008, the defendant was found to have violated her terms and conditions of pretrial release, but was returned to supervision under additional conditions. CR # 329.

On August 13, 2008, another warrant of arrest was sought for the defendant's violations of Supervised Release. CR # 336. On September 2, 2008, the defendant was released again on supervised release conditions with instructions to report to U.S. Probation for a drug test. CR # 348.

On September 3, 2008, another warrant of arrest was sought for the defendant's violations of supervised release conditions. CR # 344. On September 5, 2008, at an initial

appearance on this alleged supervised release allegation, the defendant was detained. CR # 350. On September 30, 2008, the defendant's supervised release was revoked and she was sentenced to 11-months in custody with 25-months of supervised release to follow. CR # 357.

On September 15, 2009, another warrant was requested for the defendant's arrest for violation of supervised release conditions. CR # 387. On March 15, 2010, the defendant admitted a violation of her supervised release conditions, but was reinstated on supervised release. CR # 400.

On February 2, 2011, another warrant of arrest was sought for alleged violations of the defendant's terms and conditions of supervised release. CR # 403. On February 10, 2011, the defendant was released pending her final revocation hearing. CR # 406. A revocation hearing was set for February 28, 2011, but the defendant did not appear at this hearing. CR # 417. A new warrant of arrest was issued for the defendant's failure to appear at the hearing.

On September 20, 2012, the defendant had an initial appearance on the previous warrant issued on February 28, 2011. The defendant was detained. CR # 436. On October 12, 2012, the defendant admitted a violation of her supervised release conditions; her supervised release was revoked; and she was sentenced to 7-months in custody with 18-months of supervised release to follow. CR # 441, 442 & 443.

On August 4, 2014, the defendant filed the instant motion for early termination of supervised release. CR # 452.

Restitution Payments

Since her sentencing on January 27, 2006, the defendant has only made four restitution payments totaling $240. The payments are as follows:

03/27/2007          $50.

02/03/2010          $150.00

1  04/29/2014           $20

2  08/05/2014           $20     (Payment one-day after defendant's current motion filed.)

3  The defendant's current restitution balance is $108,868.66.

## CONCLUSION

The district court need not give an elaborate explanation of its reasons for rejecting a defendant's motion for early termination of supervised release, but the record as a whole must contain an explanation that would permit meaningful appellate review and justify the court's conclusions. *U.S. v. Emmett*, 749 F.3d 817, 821-822 (9th Cir. 2014). Here the defendant's multiple program failures amply demonstrate the need for continued supervision for as long as possible. U.S. Probation oversight should be viewed by the defendant as a resource to help her continue in a positive direction. Insufficient justification has been offered by the defendant as to the need for release from supervision at this time. Based upon the defendant's prior history, the possibility of re-offending is very great. The government feels strongly that continued supervision until the expiration of her supervised release term would be in the best interest of the defendant and society.

For all of the foregoing reasons, it is respectfully requested that the defendant Williams' MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (CR # 452) be denied.

DATED this 26th day of August, 2014.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney


/s/    J. Gregory Damm

J. GREGORY DAMM
Assistant United States Attorney

4

<u>Certificate of Service</u>

I, J. Gregory Damm, hereby certify that I am an employee of the United States Department of Justice, and that on this day I served a copy of the following:

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (CR # 452), upon counsel for all defendants appearing in this matter via the CM/ECF system.

Dated:   August 26th, 2014

/s/   J. Gregory Damm
J. Gregory Damm
Assistant United States Attorney
District of Nevada